**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN SHUFF,<br><br>                Plaintiff,<br><br>        v.<br><br>DIEGO CABRERA, ALLAN GOLDSTEIN, and ERIC GOLDSTEIN,<br><br>           Defendants. | CIVIL ACTION NO.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff John Shuff ("Plaintiff"), through his undersigned counsel and for his Complaint against Diego Cabrera, Allan Goldstein, and Eric Goldstein ("Defendants"), hereby states as follows:

1. Defendant, Diego Cabrera is the Director of Operations of Royal Green, LLC. As a corporate officer, he is personally liable for the violations herein.

2. Defendant, Allan Goldstein is the Chief Executive Officer (C.E.O.) of AMG Resources. In 1988, Defendant formed AMG Resources and under his leadership it has grown into a large, worldwide scrap processing and brokerage company. As Chief Executive, he is personally liable for the violations herein.

3. Defendant, Eric Goldstein, is the President of AMG Resources. As a corporate officer, he is personally liable for the violations herein.

**INTRODUCTION**

4. This is an action for damages against Defendants for violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq., as a result of Defendants' willful

failure to compensate Plaintiff for thousands of hours worked overtime on its behalf to which he was entitled, as well as for wrongfully terminating Plaintiff's employment in violation of Pennsylvania law.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, as the cause of action arises under the laws of the United States.

6.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to his FLSA claims that they form part of the same case or controversy.

7.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to the claims occurred in this District.

## PARTIES

8.      Plaintiff John Shuff is an adult individual residing in 241 Peach Tree Drive, Morgantown, PA 19543 and a non-exempt former employee of Defendants.

9.      Upon information and belief, Defendant Diego Cabrera is the Director of Operations of Royal Green LLC, a limited liability company operating a scrap recycling plant located at 30 W Huller Ln, Reading, PA 19605. Defendant is an employer as defined by the FLSA.

10.      Upon information and belief, Defendants Allan Goldstein and Eric Goldstein are corporate officers of AMG Resources, a corporation operating multinational scrap processors with headquarters located at Two Robinson Plaza, Suite 350, Pittsburgh, PA 15205. Defendants Allan and Eric Goldstein are employers as defined by the FLSA.

11.     According to its online listings, Royal Green, LLC is named as a Scrap Metal Processing Facility of AMG Resources.

12.     Defendants are in the business of purchasing ferrous and non-ferrous metals, including light iron, cast iron, heavy steel, aluminum, brass, copper, stainless steel, and automobiles, as well as selling these metals to foundries after processing them. Royal Green, LLC also provides container services to its commercial customers.

13.     Defendants hired Plaintiff as a weighmaster on or about January 1, 1999 at the initial annual salary of $45,000.00.

14.     Plaintiff's position required him to operate the truck and rail scales of Defendants' processing plant. This position involved weighing and inspecting trucks from customers bringing material to Defendant's yard, pricing those materials, and directing them to the plant's unloading area.

15.     Additionally, Plaintiff was required to take care of shipping finished material, including directing and scheduling truck and rail deliveries, as well as taking care of all paperwork involved with material purchases and scrap shipments, such as weight tickets, writing checks, and faxing shipping notices to mills and foundries.

16.     Plaintiff was also responsible for dispatching Defendants' trucks for container pickups and deliveries, as well as handling customer relations at Defendants' scale, interacting with as many as 100 to 150 truck drivers a day.

17.     On March 8, 2021, Plaintiff's regular working hours were increased to 5:50 a.m. – 4:10 p.m. during weekdays, and 6:50 a.m. – 11:10 a.m. on alternate Saturdays, with the result that Plaintiff was regularly required to work over 51 hours and 30 minutes, to 55 hours and 50 minutes a week.

18. In addition to regularly working the hours described above, Plaintiff was required to remain in the scale office rather than being permitted to take a 30-minute lunch break unless a backup scale operator was available to fill in for him.

19. Defendants terminated Plaintiff's employment on May 15, 2023.

## COUNT I
## VIOLATIONS OF THE FLSA

20. The foregoing paragraphs are incorporated herein by reference.

21. By virtue of his duties, Plaintiff's position is not exempt from the overtime requirements of §§ 6 and 7 of the FLSA, 29 U.S.C. §§ 206, 207.

22. Plaintiff worked for Defendants as a non-exempt employee within the meaning of the FLSA during the statutory periods for bringing a cause of action under the terms of those acts.

23. The FLSA requires, pursuant to 29 U.S.C. § 207, that non-exempt employees be compensated at one-and-a-half times their regular hourly rate of pay for all hours worked in excess of forty hours per week.

24. Plaintiff was not paid an overtime premium equal to or in excess of one-and-a-half times his regular hourly rate of pay for those hours worked in excess of 40 hours per week on behalf of Defendants.

25. Defendants' failure to comply with the FLSA was willful and caused Plaintiff to suffer lost wages and interest thereon.

26. As a result of the Defendants' violation of the FLSA, Plaintiff is entitled to all wages due and owing, his costs, and his reasonable attorneys' fees, all in an amount to be determined at trial. *See* 29 U.S.C. § 216.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment for Plaintiff in an amount of damages to be determined at trial, including both compensatory and liquidated damages and award reinstatement to Plaintiff to his original position with backpay and a restoration of all seniority, along with attorneys' fees and any other relief this Court determines is necessary and just.

**COUNT II**
**<u>WRONGFUL TERMINATION</u>**

27.    The foregoing paragraphs are incorporated herein by reference.

28.    Although Plaintiff was employed by Defendants as an at-will employee, the general rule that an employer may terminate an employee for any reason, or for no reason at all, is subject to a public policy exception under Pennsylvania law.

29.    Among the public policy exceptions to at-will employment recognized under Pennsylvania law is a prohibition against terminating an employee for refusing to commit a crime.

30.    Prior to May 15, 2023, members of management including Diego Cabrera, Director of Operations, and Paul J. Ciotti III, Transportation Analyst, demanded that Plaintiff falsely and fraudulently report to Defendants' customers that certain train cars had already arrived at Defendants' plant, were full of steel, and were then shipping out, so as to avoid an anticipated decline in the price of steel.

31.    Plaintiff stated to his supervisors that he could not take such fraudulent actions.

32.    Defendants' demanded actions of Plaintiff would have constituted a violation of 18 Pa.C.S. § 4101 (forgery), and 18 Pa.C.S. § 4107 (deceptive or fraudulent business practices), among other crimes.

33.    Plaintiff refused to engage in the fraudulent actions demanded by Defendants.

34.    Defendants terminated Plaintiff's employment shortly afterward on account of his refusal to comply with Defendants' demand.

35.    Defendants' termination of Plaintiff for his refusal to commit a criminal act violates Plaintiff's employment rights under Pennsylvania public policy.

36.    Defendants' wrongful termination of Plaintiff's employment caused Plaintiff to suffer lost wages and interest thereon.

37.    As a result of Defendants' wrongful termination, Plaintiff is entitled to reinstatement, back pay, compensatory damages, and interest thereon, all in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment for Plaintiff in an amount of damages to be determined at trial, and aware reinstatement to Plaintiff to his original position with backpay and a restoration of all seniority, along with any other relief this Court determines is necessary and just.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff requests that the Court grant him the following relief against Defendants:

a.    An award of overtime wages for all hours worked in excess of forty (40) in a workweek at a rate of one-and-a-half times the regular rate of pay due under the FLSA;

b.    An award of liquidated and/or punitive damages as a result of Defendants' willful violation of the FLSA, pursuant to 29 U.S.C. § 216 and Pennsylvania law;

c.    Back pay and benefits lost as a result of the wrongful termination;

d.    Reinstatement at his position with all seniority rights;

e.    An award of pre-judgment and post-judgment interest;

f.      An award of costs and expenses of this action together with reasonable attorneys' fees and costs; and

g.      Such other and further relief as this Court deems just and proper.

<u>**JURY TRIAL DEMAND**</u>

Plaintiff demands a trial by jury.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: <u>January 13, 2025</u>          By:    /s/ Joel A. Ready
                                               Joel A. Ready, Esquire
                                               Attorney I.D. # 321966
                                               8500 Allentown Pike, Suite 3
                                               Blandon, PA 19510
                                               (610) 926-7875
                                               *Counsel for Plaintiff*