IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN SHUFF,                                    :
                                               :
        Plaintiff,                             :        Case No. 5:25-cv-00219-CH
                                               :
    v.                                         :
                                               :        JURY TRIAL DEMANDED
DIEGO CABRERA, ALLAN GOLDSTEIN,                :
and ERIC GOLDSTEIN,                            :
                                               :
        Defendants.                            :

**PARTIAL ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Diego Cabrera, ("Defendant") by and through his undersigned counsel, hereby

responds to the Complaint of Plaintiff John Shuff ("Shuff" or "Plaintiff") as follows:

**Answer[1]**

1.      Denied as stated. It is denied Cabrera is a corporate officer of Royal Green.  It is admitted

        that Cabrera is Director of Operations of Royal Green LLC. The remaining allegations

        constitute conclusions of law to which no response is required.

2.      No response is required. Defendant Allan Goldstein has a pending Motion to Dismiss.

3.      No response is required. Defendant Eric Goldstein has a pending Motion to Dismiss.

**Introduction**

4.      Admitted in part and denied in part. It is admitted that this is an action for damages under

        the FLSA and wrongful termination under Pennsylvania law. The remaining allegations

        constitute conclusions of law to which no response is required. To the extent responses are

        deemed required, they are denied.

---

[1] This Partial Answer and Affirmative Defenses is filed by Defendant Diego Cabrera.  Defendants Allan Goldstein and Eric Goldstein have filed a separate Motion to Dismiss.

**Jurisdiction and Venue**

5.    The allegations of this paragraph constitute conclusions of law to which no response is required.

6.    The allegations of this paragraph constitute conclusions of law to which no response is required.

7.    The allegations of this paragraph constitute conclusions of law to which no response is required.

**Parties**

8.    Admitted in part and denied in part. The allegation that Plaintiff is a "nonexempt…employee" is a conclusion of law to which no response is required. To the extent a response is deemed required, it is denied. The remaining allegations are admitted, upon information and belief.

9.    The allegation that Defendant Cabrera is an employer under the FLSA is a conclusion of law to which no response is required. To the extent a response is deemed required, it is denied. The remaining allegations are admitted.

10.    No response is required. Defendants Allan Goldstein and Eric Goldstein have filed a Motion to Dismiss, which is pending with this Court.

11.    Denied as stated.  The Royal Green LLC facilities are listed as scrap metal processing facilities of "Royal Green LLC" on the AMG Resources website.

12.    Denied as stated. Defendants are individuals, two of whom are not even employed by Royal Green LLC, the entity which employed Plaintiff.

13.     Denied as stated. Defendants did not hire Plaintiff.

14.     Denied as stated. Defendants did not have a "yard."  The remaining allegations are admitted in part. The job duties described in Paragraph 14 were performed by Plaintiff, in addition to other job duties.

15.     Admitted, upon information and belief.

16.     Denied as stated. Defendants Cabrera, Allan Goldstein and Eric Goldstein did not have any such trucks or scale.

17.     Denied as stated. The scheduled hours are admitted, the total hours were dependent on Plaintiff. It is specifically denied Plaintiff worked the amount of hours alleged.

18.     Admitted.  It is denied Plaintiff did as described.

19.     Denied as stated. Defendants did not terminate Plaintiff's employment with Royal Green LLC. Plaintiff resigned his employment with Royal Green LLC.

## COUNT I
## Violations of the FLSA

20.      The forgoing Paragraphs are incorporated by reference as if set forth in full herein.

21.     The allegations contained in this Paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed required, it is denied.

22.     It is expressly denied that Plaintiff worked for Defendants (Cabrera, Allan Goldstein, and Eric Goldstein). To the contrary, Plaintiff worked for Royal Green LLC. The remaining allegations constitute conclusions of law to which no response is required.

23. The allegations contained in this Paragraph constitute conclusions of law to which no response is required.

24. Denied as stated. It is admitted that Defendants (Cabrerra, Allan Goldstein, and Eric Goldstein) did not pay Plaintiff an overtime premium; in fact, they did not pay Plaintiff anything at all as Plaintiff was paid by Royal Green LLC. The remaining allegations constitute conclusions of law to which no response is required.

25. The allegations contained in this Paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny that they failed to comply with the FLSA.

26. The allegations contained in this Paragraph constitute conclusions of law to which no response is required.

**COUNT II**
**<u>Wrongful Termination</u>**

27. The foregoing Paragraphs are incorporated herein by reference as if set forth in full.

28. The allegations contained in this Paragraph constitute conclusions of law to which no response is required. In addition, Plaintiff was not employed by Defendants. Plaintiff was employed by Royal Green LLC.

29. The allegations contained in this Paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed required, it is admitted.

30. Denied. By way of further answer, Defendants do not have customers or a plant.

31. Denied as stated. By way of further answer, it is denied that Plaintiff was asked to take fraudulent actions.

32.    Denied as stated. The allegations that Plaintiff makes as to what Defendants "demanded" is denied.

33.    It is specifically denied that Defendants requested Plaintiff engage in any fraudulent action.

34.    Admitted in part and denied in part. It is specifically denied that Defendants requested Plaintiff comply with any fraudulent actions. It is further denied that Plaintiff was terminated by Defendants.  Plaintiff was not terminated; Plaintiff resigned his employment with Royal Green LLC.

35.    Denied. It is specifically denied that Defendant requested Plaintiff commit a criminal act. It is further denied that Defendants terminated Plaintiff. Plaintiff was not terminated; Plaintiff resigned his employment with Royal Green LLC. The remaining allegations constitute conclusions of law to which no response is required.

36.    The allegations contained in this paragraph constitute conclusions of law to which no response is required. By way of further answer, Defendants did not terminate Plaintiff. Plaintiff was not terminated; Plaintiff resigned his employment with Royal Green LLC.

37.    The allegations contained in this paragraph constitute conclusions of law to which no response is required.

## Prayer for Relief

No response is required.

## Jury Trial Demand

No response is required.

## AFFIRMATIVE DEFENSES

1. It is believed Plaintiff was paid in compliance with the Fair Labor Standards Act ("FLSA") by Royal Green LLC. However, Defendants are individuals and not responsible for payment of wages to Plaintiff.

2. At the time Plaintiff was employed as the scalemaster for Royal Green LLC, Plaintiff was an exempt employee.

3. Plaintiff fails to state a claim upon which relief can be granted.

4. Plaintiff was terminated for legitimate non-discriminatory reasons.

5. Plaintiff was not asked to perform any unlawful act.

6. Plaintiff was not terminated for his alleged failure to comply with any non-existent criminal act.

7. To the extent Plaintiff suffered any damages, such damages were the result of Plaintiff's own job misconduct.

8. Punitive damages are not available under the facts and/or legal theories raised in the Complaint.

9. Defendants' alleged acts were not "willful" violations of the FLSA.

10. Liquidated damages are not available as Defendants' alleged acts were not willful.

11. Upon information and belief, Plaintiff has failed to mitigate his damages.

12. Defendants acted in a lawful, legitimate, and non-discriminatory manner at all times relevant to this action and did not discriminate against Plaintiff.

13. Plaintiff was never asked to commit a crime by Defendants.

14. The Complaint fails to state a claim upon which an award of attorney's fees can be granted.

15. Plaintiff's employment relationship was terminable at will.

16.     Plaintiff voluntarily resigned his employment.

17.     Any alleged adverse employment action did not occur under circumstances that give rise to an inference of discrimination.

18.     The alleged conduct of Defendants was not motivated by evil motive or intent; nor did it involve reckless or callous indifference to any particular rights of Plaintiff. Plaintiff's claim of wrongful termination is not actionable in as much as there is no causal link that exist between Plaintiff's alleged refusal to commit a crime to which he allegedly was requested by Defendants.

19.     Defendants did not violate public policy. Plaintiff's employment was terminable at will.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

Date: February 28, 2025

/s/ Joseph D. Shelby

Joseph D. Shelby, Esquire
Attorney I.D. No. 69399
45 East Orange Street
Lancaster, PA  17602
(717) 390-3020
jshelby@c-wlaw.com
*Attorneys for Defendants*

7